UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:24-CR-00081-GFVT-EBA-2

UNITED STATES OF AMERICA,                                                                    PLAINTIFF,

v.          **ORDER AND REPORT AND RECOMMENDATION**

JASON RAY HARRIS,                                                                                DEFENDANT.

*** *** *** ***

This matter is before the undersigned on the Defendant Jason Ray Harris' Motion to Suppress evidence seized during a purported unconstitutional protective sweep of his apartment on December 9, 2024. [R. 66-1]. By prior order, the Court scheduled an evidentiary hearing on this matter for November 17, 2025, and directed the United Sates to file a response to Harris' motion. [R. 69]. The United States filed a response. [R. 70]. For the following reasons, the undersigned will order that the Evidentiary Hearing be cancelled and recommend that the Defendants' Motion be denied as moot.

On December 9, 2024, the United States Marshals served an arrest warrant for the arrest of Harris at his apartment. [R. 66-2 at pg. 1]. After Harris was handcuffed and detained outside of the apartment, the Marshals entered the residence and performed a protective sweep. [*Id*. at pg. 2]. During the sweep, the Marshals found seven firearms, resulting in Count 7 of the Superseding Indictment. [*Id*.]. Harris argues that the sweep of Harris' residence was "not justified as a sweep incident to his arrest" nor were there any "particular or articulable facts to justify any rational belief that the apartment continued to harbor another dangerous individual." [*Id*. at 5]. Harris therefore concludes that the evidence seized should be suppressed as it resulted from a warrantless

unconstitutional search of his home. [*Id*.].

The United States filed a response to Harris' Motion to Suppress. [R. 70]. Therein, the Government states that the firearms at issue were charged in Count 7 of the Superseding Indictment, and it does not intend to pursue Count 7 of the Superseding Indictment nor use the firearms seized from the from the alleged unconstitutional search. [*Id*. at pg. 2]. Should Harris proceed to trial, the Government states that it will not use the firearms charged in Count 7 against him. [*Id*.]. Further, should the Government procced to trial on the Superseding Indictment, it represents to the Court that it will move pretrial to dismiss Count 7. [*Id*.].

An evidentiary hearing is required only "when the defendant has set forth contested issues of fact that bear upon the legality of the search." *United States v. Thompson*, 16 Fed.Appx. 340, 34 (6th Cir. 2001) (citing *United States v. Mejia*, 69 F.3d 309, 318 (9th Cir. 19950)). Here, the United States has not contested any of the facts set forth by the Defendant. Instead, the United States argues the motion should be denied as moot because they do not plan to pursue Count 7 of the Superseding Indictment, nor do they plan to introduce the evidence seized from the purported illegal search. [*See* R. 70]. Therefore, because this motion can be resolved without an evidentiary hearing, *see United States v. Goodwin*, 552 Fed.Appx. 541, 548 (6th Cir. 2014) (quoting *United States v. Lawhorn*, 467 Fed.Appx. 493, 495 (6th Cir. 2012)), the undersigned will cancel the evidentiary hearing currently scheduled for November 17, 2025.

Moreover, because Harris' motion only seeks to suppress evidence that resulted in Count 7 of the Superseding Indictment and the United States represents that they do not plan to pursue that count, nor use any of the firearms seized during the purported illegal search, the undersigned will recommend that Harris' motion be denied as moot. *See United States v. Sims*, 603 Fed.Appx. 497, 483 (6th Cir. 2015) (finding the appeal of a suppression ruling moot because the government

did not introduce any of the contested evidence at trial); *see also United States v. Frazier*, No. 3:17-cr-00130, 2019 WL 4242412, at *24 (M.D. Tenn. Sept. 6, 2019) (denying Defendant's motions to suppress as moot after the Government represented that they did not intent to introduce at trial any of the evidence found during the search in question). Therefore,

**IT IS ORDERED** that the Evidentiary Hearing scheduled for November 17, 2025, at 10:00 A.M. by prior order, [R. 69], is **CANCELLED**.

**IT IS RECOMMENDED** that the Defendant's Motion to Suppress, [R. 66-1], be **DENIED AS MOOT**.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed November 5, 2025.



Signed By:
*Edward B. Atkins*   EBA
**United States Magistrate Judge**