UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 5:24-cr-00081-GFVT-EBA-2 |
| v. | ) | |
| | ) | |
| JASON RAY HARRIS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Report & Recommendation filed by United States Magistrate Judge Edward B. Atkins. [R. 71.] Defendant Harris filed a Motion to Suppress evidence seized during a protective sweep of his apartment on December 9, 2024, which Mr. Harris argues was unconstitutional. [R. 66-1.] The Court scheduled an evidentiary hearing to address the motion, and ordered the United States to respond, which was promptly filed. Judge Atkins then prepared a Report & Recommendation recommending that Mr. Harris's motion be denied as moot, and cancelled the evidentiary hearing. [R. 71.]

After considering the record, Judge Atkins observed that on December 9, 2024, the United States Marshals served an arrest warrant on Harris at his apartment. *Id*. at 1. Upon arriving, Mr. Harris was detained outside while the Marshals conducted a protective sweep of the apartment. *Id*. This sweep uncovered seven firearms which resulted in Count 7 of the Superseding Indictment. Mr. Harris contends that this search was unconstitutional, and brought a motion to suppress the evidenced seized during the sweep. *Id*. In response to this Motion, the Government stated that it does not intent to pursue Count 7 or otherwise use the firearms seized

in future litigation, should Mr. Harris proceed to trial. *Id*. at 2.  Further, the Government averred that it will move pretrial to dismiss Count 7. *Id*.

Judge Atkins, therefore, recommends that Defendant Harris's Motion be denied as moot, and cancelled the hearing scheduled for November 17, 2025. *Id*. at 3.  Judge Atkins correctly concluded that the Government does not contest the substance of the Defendant's arguments; they merely state that the motion is moot because they do not seek to further pursue Count 7.  Thus, Judge Atkins concludes that a hearing is no longer necessary and that the Defendant's motion is moot in view of the Government's decision not to further pursue Count 7.

Neither party filed objections to the Report and Recommendation.  Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made.  28 U.S.C. § 636(b)(1)(c).  When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Nevertheless, this Court has considered the record and it agrees with the Magistrate Judge's recommendation.  Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Magistrate Judge Edward B. Atkins's Report and Recommendation **[R. 71]** is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Harris's Motion to Suppress **[R. 66]** is **DENIED AS MOOT**;

This the 2nd day of December 2025.

Gregory F. Van Tatenhove
United States District Judge